COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Kelsey and Senior Judge Coleman
Argued at Richmond, Virginia

LORENZO BUNCH, JR.

                                                              OPINION BY
v.        Record No. 1944-06-1                        JUDGE D. ARTHUR KELSEY
                                                              APRIL 8, 2008

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Jerome James, Judge[*]

J. Barry McCracken for appellant.

Eugene Murphy, Senior Assistant Attorney General
(Robert F. McDonnell, Attorney General, on brief), for
appellee.


Lorenzo Bunch, Jr. appeals his convictions of possession of marijuana and cocaine with

the intent to distribute.  On appeal, Bunch claims the trial court erroneously denied a pretrial

motion to suppress the illegal drugs found on him during a search.  The search of his person,

Bunch argues, exceeded the scope of a permissible Terry weapons frisk and could not be

independently justified by any showing of probable cause.  We disagree and affirm.

I.

Under settled principles, we address the legal issues arising from a suppression motion

"only after the relevant historical facts have been established."  Raab v. Commonwealth, 50

Va. App. 577, 579, 652 S.E.2d 144, 146 (2007) (en banc) (quoting Logan v. Commonwealth, 47

Va. App. 168, 171, 622 S.E.2d 771, 772 (2005) (en banc)).  On appeal, the facts developed in the

trial court must be reviewed "in the light most favorable to the Commonwealth, giving it the

---

[*] Judge Charles E. Poston presided over the suppression hearing.  Judge Jerome James
entered the final conviction and sentencing order.

benefit of any reasonable inferences." Glenn v. Commonwealth, 49 Va. App. 413, 416, 642 S.E.2d 282, 283 (2007) (*en banc*) (citation omitted), aff'd, 275 Va. 123, 654 S.E.2d 910 (2008).

Viewed from this perspective, the evidence shows that one evening in February 2005, Officer Matthew L. Croy walked up to a vehicle illegally parked in an area of Norfolk known for drug distribution and prostitution. While standing at the passenger's side of the vehicle, the officer smelled a heavy odor of marijuana coming from the partially opened window. He asked Bunch, who was sitting in the passenger's seat, for identification. In a quivering voice, Bunch nervously said he did not have any. Bunch twice dropped his right hand down to his side. Fearing for his safety, the officer advised Bunch to exit the vehicle for a weapons pat down. The marijuana odor got noticeably stronger when Bunch stepped out and walked past the officer.

During the pat down, the officer felt in Bunch's left coat pocket a suspicious bulge containing two or three discernable lumps. The officer did not suspect it to be a weapon. The odor of marijuana was very strong coming from this pocket. When asked about the marijuana odor, Bunch said he knew nothing about it. The officer then reached into the pocket and seized a pouch containing six bags of marijuana and six bags of crack cocaine. The officer arrested Bunch for possession of marijuana and cocaine with intent to distribute.

Prior to trial, Bunch moved to suppress the incriminating evidence. Citing Murphy v. Commonwealth, 264 Va. 568, 570 S.E.2d 836 (2002), Bunch's counsel argued that the officer violated the scope of a permissible weapons frisk by reaching into Bunch's pocket even though it was not "immediately apparent" from the pat down that the bulge was a weapon. The search into the pocket, counsel concluded, was an "evidentiary search unrelated to the justification" for the weapons frisk. The trial court denied the motion to suppress and later convicted Bunch based upon the incriminating evidence found in his pocket during the search.

II.

On appeal, Bunch does not contest the legality of the stop or the weapons frisk. Bunch argues only that the search *into* his pocket exceeded the scope of a permissible weapons frisk. We think this objection misses the point. The constitutional justification for conducting a weapons frisk under Terry v. Ohio, 392 U.S. 1 (1968), does not displace the far broader authority to seize illegal contraband based on probable cause principles. As Professor LaFave has explained:

> Assuming the object discovered in the pat-down does not feel like a weapon, *this only means* that a *further search* may not be justified under a Terry analysis. There remains the possibility that the feel of the object, *together with other suspicious circumstances*, will amount to probable cause that the object is contraband or some other item subject to seizure, in which case there may be a *further search based upon that probable cause.*

4 Wayne R. LaFave, Search and Seizure § 9.5(c), at 668-69 (4th ed. 2004) (emphasis added).

Probable cause takes into account the "totality of the circumstances surrounding the search," Cost v. Commonwealth, 275 Va. 246, 251, 657 S.E.2d 505, 507 (2008), because the "question whether the Fourth Amendment has been violated is always 'a question of fact to be determined from *all the circumstances*.'" Malbrough v. Commonwealth, 275 Va. 163, 168, 655 S.E.2d 1, 3 (2008) (emphasis added and citations omitted); see generally Illinois v. Gates, 462 U.S. 213, 238 (1983) (reaffirming "the totality-of-the-circumstances analysis that traditionally has informed probable-cause determinations").

Framed by these principles, the question we face is not whether Officer Croy could enter Bunch's pocket looking for a weapon (based solely on what the officer felt during the Terry weapons frisk), but whether he could have gone into Bunch's pocket looking for marijuana (based upon probable cause arising from the totality of the circumstances). Like the trial court, we think the answer is he clearly could do so. As many courts have held, "if an officer smells

the odor of marijuana in circumstances where the officer can localize its source to a person, the officer has probable cause to believe that the person has committed or is committing the crime of possession of marijuana." United States v. Humphries, 372 F.3d 653, 660 (4th Cir. 2004).[1]

While some have questioned our willingness to embrace this so-called "plain smell" doctrine, see Michael A. Sprow, Wake Up And Smell The Contraband: Why Courts That Do Not Find Probable Cause Based On Odor Alone Are Wrong, 42 Wm. & Mary L. Rev. 289, 318 & n.55 (2000) (criticizing Virginia courts for failing "to articulate a clear position on the issue of plain smell"), we take this opportunity to accept what appears to us to be a nearly incontestable proposition: Under the Fourth Amendment, "probable cause may be supported by the detection of distinctive odors, as well as by sight." United States v. Haynie, 637 F.2d 227, 234 (4th Cir. 1980); see, e.g., Cherry v. Commonwealth, 44 Va. App. 347, 605 S.E.2d 297 (2004).

Maybe so, Bunch responds, but the officer's "use of his olfactory sense" in smelling the marijuana was itself an "impermissible *further* search" lacking any independent constitutional justification. See Appellant's Br. at 9 (emphasis added). We disagree. A trained officer does not engage in a search of a suspect when he smells an odor emanating from the suspect, 1 LaFave, *supra*, § 2.2(a), at 454, any more than a trained dog engages in a search of a vehicle when the dog smells an odor emanating from the vehicle, Illinois v. Caballes, 543 U.S. 405,

---

[1] See also Hitchcock v. State, 118 S.W.3d 844, 850-51 (Tex. Crim. App. 2003) (finding the "odor of marijuana alone is sufficient to constitute probable cause to search a defendant's person"); State v. Moore, 734 N.E.2d 804, 809 (Ohio 2000) (holding the "smell of marijuana" alone sufficient to establish probable cause); State v. Hernandez, 706 So. 2d 66, 67 (Fla. Dist. Ct. App. 1998) (finding probable cause to search a "member of the group from which the odor of marijuana emanated"); State v. Vanderveer, 667 A.2d 382, 385 (N.J. Sup. Ct. 1995) (finding probable cause based upon "a strong odor of marijuana" coming from the suspect and a companion); State v. T.T., 594 So. 2d 839, 840 (Fla. Dist. Ct. App. 1992) (finding probable cause "based solely on the very strong smell of burned marijuana residue"); People v. Fitzpatrick, 3 Cal. App. 3d 824, 825-26 (Cal. Ct. App. 1970) (finding probable cause where officer, upon smelling "the odor of burned marijuana" coming from a vehicle, asked the defendant to step out, and the "odor was most distinctive on the person of defendant").

409-10 (2005); <u>Brown v. Commonwealth</u>, 15 Va. App. 1, 5-7, 421 S.E.2d 877, 880-81 (1992).

An individual, after all, has no privacy interest in his odors. He cannot broadcast an unusual odor (particularly one associated with illegal drugs) and reasonably expect everyone he comes into contact with, including police officers, to take no notice of it. We thus concur with the accepted view that "there is no 'reasonable expectation of privacy' from lawfully positioned agents 'with inquisitive nostrils.'" 1 LaFave, *supra*, § 2.2(a), at 454 (footnote omitted).[2]

### III.

In sum, Officer Croy had probable cause at the moment he reached inside Bunch's pocket to believe that it contained marijuana. Had the officer not seized the contraband, Bunch could have walked away only to later smoke, distribute, or discard it. The trial court, therefore, did not err in denying Bunch's motion to suppress.

<u>Affirmed.</u>

---

[2] Bunch also argues on appeal that the search of his pocket was an impermissible search incident to a citation under Code § 19.2-74. Bunch never presented this argument to the trial court. Rule 5A:18 precludes appellants from raising for the first time on appeal "grounds asserted as a 'basis for reversal' of the trial court's judgment." <u>Blackman v. Commonwealth</u>, 45 Va. App. 633, 642, 613 S.E.2d 460, 465 (2005). Bunch does not argue that any exception to Rule 5A:18 applies, and we will not invoke one *sua sponte*. <u>See</u> <u>Edwards v. Commonwealth</u>, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*), <u>aff'd</u> <u>by</u> <u>unpublished</u> <u>order</u>, No. 040019 (Va. Oct. 15, 2004).