COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphrey, Beales and Senior Judge Coleman
Argued at Chesapeake, Virginia


BRIAN MARQUES ASKEW

MEMORANDUM OPINION[*] BY
v.      Record No. 0616-08-1      JUDGE SAM W. COLEMAN III
                                  MARCH 24, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Robert W. Curran, Judge

John E. Robins, Jr. (Office of the Public Defender, on brief), for
appellant.

Joanne V. Frye, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


Brian Marques Askew, appellant, was convicted of cocaine possession.  On appeal, he

maintains the trial court erred in denying his suppression motion.  We disagree and affirm his

conviction.

Background

"In reviewing a trial court's denial of a motion to suppress, '[t]he burden is upon [the

defendant] to show that th[e] ruling, when the evidence is considered most favorably to the

Commonwealth, constituted reversible error.'"  McGee v. Commonwealth, 25 Va. App. 193,

197, 487 S.E.2d 259, 261 (1997) (en banc) (citation omitted).  While we are bound to review de

novo the ultimate questions of reasonable suspicion and probable cause, we "review findings of

historical fact only for clear error and . . . give due weight to inferences drawn from those facts

by resident judges and local law enforcement officers."  Ornelas v. United States, 517 U.S. 690,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

699 (1996). "In Virginia, questions of fact are binding on appeal unless 'plainly wrong.'" McGee, 25 Va. App. at 198 n.1, 487 S.E.2d at 261 n.1 (citations omitted).

In the early morning hours of June 4, 2006, Officer Mackey stopped at a traffic light alongside a red SUV. The windows to both vehicles were open, and the wind was blowing from the SUV's direction toward Mackey. Mackey smelled a "very strong odor" of marijuana. Based upon his experience, the marijuana smelled as though "it had just been smoked or was being smoked."

Mackey immediately pulled over the vehicle and approached it. As he did, he noticed the odor of marijuana was "extremely powerful." Knowing that the odor of marijuana "dissipate[s] fairly fast," Mackey asked the driver whether "anybody" had been smoking marijuana in the vehicle. The driver responded affirmatively and stated "someone had been." Mackey instructed the driver and appellant, a passenger, to step out of the vehicle. Both had a "strong odor of marijuana" about them.

Assisted by another officer, Mackey separated appellant from the driver. Appellant "still maintained a strong odor of marijuana on his [] person." Mackey patted down appellant and felt an object inside appellant's sock near his ankle that made a "crackling" sound when Mackey touched it. Mackey believed the object to be a plastic baggie containing some type of drugs. When he reached inside the sock, Mackey recovered a plastic baggie containing cocaine.

<u>Analysis</u>

Appellant does not challenge the lawfulness of the stop, but argues the ensuing search of his person violated the Fourth Amendment for two reasons. First, he maintains Mackey lacked probable cause to arrest him or probable cause to search him at the time of the search. Second, he contends, at most, Mackey had only a reasonable suspicion that appellant might possess marijuana and, thus, the intrusive search exceeded the permissible pat down for weapons in a

Terry stop when Mackey had no reasonable suspicion appellant was armed and dangerous.

Because we find that Mackey had probable cause to believe that appellant had recently been

smoking marijuana and probably possessed marijuana, Mackey was justified in searching the

appellant. Accordingly, we need not address appellant's argument that the search exceeded a

valid Terry weapons pat down.

> Probable cause takes into account the "totality of the circumstances surrounding the search," Cost v. Commonwealth, 275 Va. 246, 251, 657 S.E.2d 505, 507 (2008), because the "question whether the Fourth Amendment has been violated is always 'a question of fact to be determined from *all the circumstances*.'" Malbrough v. Commonwealth, 275 Va. 163, 168, 655 S.E.2d 1, 3 (2008) (emphasis added and citations omitted); see generally Illinois v. Gates, 462 U.S. 213, 238 (1983) (reaffirming "the totality-of-the-circumstances analysis that traditionally has informed probable-cause determinations").

Bunch v. Commonwealth, 51 Va. App. 491, 495, 658 S.E.2d 724, 725-26 (2008). "'Finely tuned

standards such as proof beyond a reasonable doubt or by a preponderance of the evidence, useful

in formal trials, have no place in the [probable-cause] decision.'" United States v. Humphries,

372 F.3d 653, 660 (4th Cir. 2004) (quoting Gates, 462 U.S. at 235). "[T]he probable-cause

standard does not require that the officer's belief be more likely true than false." Id. "Probable

cause relies on a 'flexible, common-sense standard'" and "does not 'demand any showing that

such a belief be correct or more likely true than false.'" Slayton v. Commonwealth, 41 Va. App.

101, 106, 582 S.E.2d 448, 450 (2003) (quoting Texas v. Brown, 460 U.S. 730, 742)).

"[P]robable cause requires only a probability or substantial chance of criminal activity, not an

actual showing of such activity." Gates, 462 U.S. at 245 n.13. Probable cause deals with

probabilities that are not "technical" but are "the factual and practical considerations in every day

life on which reasonable and prudent men, not legal technicians, act." Garza v. Commonwealth,

228 Va. 559, 564, 323 S.E.2d 127, 129 (1984).

In determining whether probable cause existed to conduct a warrantless search, "'the test of constitutional validity is whether at the moment of arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed.'" DePriest v. Commonwealth, 4 Va. App. 577, 583-84, 359 S.E.2d 540, 543 (1987) (quoting Bryson v. Commonwealth, 211 Va. 85, 86-87, 175 S.E.2d 248, 250 (1970)). "In assessing the totality of the circumstances," an appropriate consideration is "an officer's practical experience and the inferences the officer may draw from that experience." Humphries, 372 F.3d at 657.

At oral argument, appellant's counsel conceded that our recent holding in Bunch authorized Officer Mackey to search appellant for marijuana, after Mackey had detected "a strong odor of marijuana" emanating from appellant when he had exited the car. There, we held "'if an officer smells the odor of marijuana in circumstances where the officer can localize its source to a person, the officer has probable cause to believe that the person has committed or is committing the crime of possession of marijuana.'" Bunch, 51 Va. App. at 496, 658 S.E.2d at 726 (quoting Humphries, 372 F.3d at 660 (footnote omitted)). We went on to say in Bunch, "[w]hile some have questioned our willingness to embrace this so-called 'plain smell' doctrine, we take this opportunity to accept what appears to us to be a nearly incontestable proposition:  Under the Fourth Amendment, 'probable cause may be supported by the detection of distinctive odors, as well as by sight.'" Id. at 497, 658 S.E.2d at 726 (citations omitted). Cf. Burhman v. Commonwealth, 275 Va. 501, 507, 659 S.E.2d 325, 328 (2008) (intoxication and presence of hand-rolled cigarettes insufficient to supply probable cause to arrest for possession of marijuana where officer unable to identify "faint odor" in car as marijuana). Appellant's counsel argued, however, that detecting the odor of marijuana only gave Mackey probable cause to search for marijuana, and when he detected the object in appellant's sock he did not believe it

to be marijuana and, therefore, he had no basis to seize the item from appellant's sock, even though he suspected that it contained drugs.

Appellant's argument mischaracterizes Mackey's testimony. Mackey testified that, based upon the sound and feel of the object in appellant's sock, Mackey believed it was "contraband." He did not exclude the possibility that the object was marijuana until after he saw the baggie contained "a little white rock."

In any event, the Fourth Amendment did not limit Mackey's search to weapons and marijuana. "When delineating the permissible scope of a warrantless search incident to arrest, . . . a lawful arrest of a suspect authorizes the police to conduct 'a full search of the [arrestee's] person.'" Commonwealth v. Gilmore, 27 Va. App. 320, 327-28, 498 S.E.2d 464, 468 (1998) (quoting United States v. Robinson, 414 U.S. 218, 235 (1973)).

In Robinson, the United States Supreme Court rejected the argument that a search incident to arrest must be limited to the fruit of the crime for which a defendant is arrested. Robinson was arrested for operating a motor vehicle after his driver's license had been revoked. In accordance with standard police procedures, the arresting officer searched Robinson and felt an object in the breast pocket of his jacket. The officer "couldn't tell what it was," but upon removing it, found it was a "crumpled up cigarette package." Robinson, 414 U.S. at 223. The officer knew the package did not contain cigarettes, but conceded he could not identify its contents. Id. at 222-23. When the officer opened the package, it contained heroin capsules.

The United States Court of Appeals for the District of Columbia Circuit concluded the search was unconstitutional because "there could be no evidence or fruits in the case of an offense such as that with which respondent was charged . . . ." Id. at 233. The court held that "any protective search would have to be limited by the conditions laid down in Terry for a search upon less than probable cause to arrest." Id.

The United States Supreme Court disagreed. It observed that "[t]he standards traditionally governing a search incident to lawful arrest are not . . . commuted to the stricter Terry standards *by the absence of probable fruits or further evidence of the particular crime for which the arrest is made*." Id. at 234 (emphasis added).

> "When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise, the officer's safety might well be endangered, and the arrest itself frustrated. In addition, it is entirely reasonable for the arresting officer to search for and seize *any evidence* on the arrestee's person in order to prevent its concealment or destruction."

Id. at 226 (quoting Chimel v. California, 395 U.S. 752, 762-63 (1969)) (emphasis added).

Although Mackey had not arrested appellant at the time of the search, based upon the holding in Bunch, Mackey had probable cause to believe appellant had or was committing the crime of possessing marijuana; thus, Mackey had probable cause to arrest appellant. "'A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification.'" Virginia v. Moore, 128 S. Ct. 1598, 1607 (2008) (quoting Robinson, 414 U.S. at 235). Here, because Mackey had probable cause to arrest appellant for possession of marijuana, Mackey was entitled to conduct a "full search of his person," Gilmore, 27 Va. App. at 328, 498 S.E.2d at 468, including appellant's sock.

Accordingly, the trial court did not err in denying appellant's motion to suppress.

Affirmed.