COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Petty and Alston
Argued by teleconference


CLIFTON MORRIS PRICE, JR.

                                                    MEMORANDUM OPINION[*] BY
v.          Record No. 1077-09-3                    JUDGE LARRY G. ELDER
                                                          MAY 11, 2010

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                         Charles J. Strauss, Judge

            Gregory T. Casker for appellant.

            Susan M. Harris, Assistant Attorney General (William C. Mims,
            Attorney General, on brief), for appellee.


        Clifton Morris Price, Jr. (appellant) appeals his convictions for possession of cocaine

with intent to distribute and possession of a firearm while possessing cocaine with intent to

distribute.  He contends the police officers searched his pants and jacket pockets in violation of

his Fourth Amendment rights.  Because the totality of the evidence is sufficient to provide the

officers with probable cause to believe appellant possessed marijuana, the police conducted a

lawful search incident to an arrest.  Accordingly, we affirm his convictions.

                                            I.

                                       BACKGROUND

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

438, 443, 358 S.E.2d 415, 418 (1987)).  So viewed, the evidence proved that on November 23, 2007, Deputy Sheriff Michael Hill observed a vehicle fail to stop at an intersection controlled by a stop sign.  Deputy Hill approached the vehicle and requested appellant, the driver, to roll down the window.  At that point, Hill could smell an odor that he recognized to be marijuana.  Appellant and one other individual were the only occupants in the vehicle.

Deputies Eanes and Burchett arrived to monitor the vehicle while Hill re-entered his squad car to issue a citation for the traffic infraction.  As Hill filled out the paperwork, he observed Eanes and Burchett remove appellant and the other individual from the vehicle.  Eanes informed Hill that appellant possessed a firearm in his jacket pocket.  Hill retrieved the firearm from the jacket pocket and conducted a pat-down search of appellant's person for further weapons.  From appellant's left pocket, Hill removed "some small white rocks," which were later determined to be cocaine.

At appellant's suppression hearing, the trial court held that "once [the officers] smelled the burnt marijuana from the car[,] it gave them probable cause to not only search the car but to search the individuals within the car."  Accordingly, the trial court determined the recovery of the firearm and cocaine stemmed from a lawful search incident to arrest and denied appellant's motion to suppress the firearm and cocaine.  This appeal followed.

II.

ANALYSIS

The incriminating evidence in this case stems from Deputy Hill's recovery of the firearm from appellant's jacket pocket and cocaine from his pants pocket, which appellant argues was in violation of his rights under the Fourth Amendment.  "What the Fourth Amendment prohibits 'is not all searches and seizures, but *unreasonable* searches and seizures.'"  Buhrman v. Commonwealth, 275 Va. 501, 505, 659 S.E.2d 325, 327 (2008) (quoting Terry v. Ohio, 392 U.S.

1, 9, 88 S. Ct. 1868, 1873, 20 L. Ed. 2d 889, 899 (1968)) (emphasis in original).  Whether the

Fourth Amendment has been violated is a question to be determined from all the circumstances

and is viewed under an objective standard.  See Samson v. California, 547 U.S. 843, 848, 126

S. Ct. 2193, 2197, 165 L. Ed. 2d 250, 256 (2006); Terry, 392 U.S. at 21-22, 88 S. Ct. at 1880, 20

L. Ed. 2d at 906.

A defendant's claim that evidence was seized in violation of the Fourth Amendment

presents a mixed question of law and fact that we review *de novo* on appeal.  See McCain v.

Commonwealth, 275 Va. 546, 551, 659 S.E.2d 512, 515 (2008); Murphy v. Commonwealth, 264

Va. 568, 573, 570 S.E.2d 836, 838 (2002).  In making such a determination, we give deference to

the factual findings of the trial court, but we independently determine whether the manner in

which the evidence was obtained meets the requirements of the Fourth Amendment.  Bass v.

Commonwealth, 259 Va. 470, 475, 525 S.E.2d 921, 924 (2000).

Appellant argues the smell of burnt marijuana could not give rise to probable cause to

believe that he possessed marijuana unless the officer localized the source of the odor to

appellant.  Without that specific probable cause, appellant contends no basis existed to justify the

search of his jacket and pants pockets because Hill's testimony does not establish the basis for

Eanes' knowledge that appellant possessed a firearm in his jacket pocket.[1]  We disagree.

The fruits of a warrantless search or seizure will not be suppressed if it is conducted

incident to a lawful arrest supported by probable cause.  See Copeland v. Commonwealth, 42

Va. App. 424, 433, 592 S.E.2d 391, 395 (2004).  "Probable cause relies on a 'flexible

_____

[1] Appellant further argues that the search of his pants pocket was impermissible because it exceeded the scope of a protective Terry frisk.  We need not address this argument because we conclude Deputy Hill had the requisite probable cause to arrest appellant for possession of marijuana and that the incriminating evidence flowed from a lawful search incident to that arrest. See McCracken v. Commonwealth, 39 Va. App. 254, 261, 572 S.E.2d 493, 496 (2002) (en banc) ("When as officer has probable cause to arrest, he may conduct a search prior to the arrest.").

common-sense standard'" and "does not 'demand any showing that such a belief be correct or more likely true than false.'" Slayton v. Commonwealth, 41 Va. App. 101, 106, 582 S.E.2d 448, 450 (2003) (quoting Texas v. Brown, 460 U.S. 730, 742, 103 S. Ct. 1535, 1543, 75 L. Ed. 2d 502, 514 (1983)). There need be only "a probability or substantial chance of criminal activity, not an actual showing of such activity." Illinois v. Gates, 462 U.S. 213, 245 n.13, 103 S. Ct. 2317, 2335 n.13, 76 L. Ed. 2d 527, 552 n.13 (1983); see Adams v. Williams, 407 U.S. 143, 149, 92 S. Ct. 1921, 1924, 32 L. Ed. 2d 612, 618 (1972) ("Probable cause does not require the same type of evidence of each element of the offense as would be needed to support a conviction."). "'[P]robable cause may be supported by the detection of distinctive odors, as well as by sight.'" Bunch v. Commonwealth, 51 Va. App. 491, 496, 658 S.E.2d 724, 726 (2008) (quoting United States v. Haynie, 637 F.2d 227, 234 (4th Cir. 1980)). Moreover, where "[a]dditional factors [are] present to localize the presence of marijuana such that its placement will justify either the search or the arrest[,]" we will not suppress evidence of other crimes recovered from that lawful search. United States v. Humphries, 372 F.3d 653, 659 (4th Cir. 2004).

In Bunch, we embraced the "plain smell" doctrine and held it applied where the evidence proved a link between the suspected marijuana possession and the defendant's criminality. 51 Va. App. at 496, 658 S.E.2d at 726. In that case, Bunch "twice dropped his right hand down to his side," and the "marijuana odor got noticeably stronger when [he] stepped out [of the car he had been sitting in] and walked past the officer." Id. at 494, 658 S.E.2d at 725. Similarly, in Humphries, the Fourth Circuit found sufficient evidence localizing the source of the odor of marijuana to the defendant. 372 F.3d at 655. When Humphries saw a police officer approach, he quickly walked away. As the officer followed him, the officer continued to notice the odor of marijuana. The officer further observed Humphries patting his waist when the officers first arrived, which the officer interpreted as a security check by Humphries to see that his weapon

- 4 -

was in place. The Court found that these circumstances gave the officer sufficient "probable cause to believe marijuana was present on Humphries' person." Id. at 659.

Here, Hill testified that when he first approached appellant's vehicle, he noticed "a whole lot of movement inside," prompting him to request back up for his own safety. Further, appellant refused to fully comply with Hill's initial request to roll down the window by rolling it down only three to four inches. Hill requested again for appellant to roll the window down completely, and appellant obeyed. At that point, Hill could smell the odor of marijuana. Finally, only one other occupant was present in the confined space of appellant's vehicle. Appellant's efforts to conceal the odor of marijuana and the small number of people in the confined area provided "the necessary link between criminal activity and an individual so as to establish probable cause sufficiently particularized to [him]." Whitehead v. Commonwealth, 278 Va. 300, 313, 683 S.E.2d 299, 305 (2009).

III.

CONCLUSION

Hill had probable cause to believe appellant possessed marijuana based on the odor of marijuana, appellant's efforts to conceal the odor, and the small number of people contained in the confined area from where the odor emanated. Accordingly, Hill was authorized to arrest appellant and conduct a lawful search incident to that arrest, leading to the discovery of the contraband. Finding no error, we therefore affirm appellant's convictions.

Affirmed.