UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Chafin and Senior Judge Annunziata
Argued at Alexandria, Virginia


JOHNNIE L. MOORE

MEMORANDUM OPINION[*] BY
v.      Record No. 0069-12-4                    JUDGE TERESA M. CHAFIN
MARCH 5, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Lisa B. Kemler, Judge

Bradley R. Haywood (Sheldon & Flood, PLC, on briefs), for
appellant.

Aaron J. Campbell, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Johnnie L. Moore ("appellant") was indicted on a charge of possession of phencyclidine

("PCP") in violation of Code § 18.2-250.  On appeal, appellant challenges the trial court's denial

of his motion to suppress.  Finding no error with the trial court's ruling, we affirm appellant's

conviction.

I.  BACKGROUND

"On appeal from a trial court's denial of a motion to suppress, we must review the

evidence in the light most favorable to the Commonwealth, granting to the Commonwealth all

reasonable inferences fairly deducible from it."  Sabo v. Commonwealth, 38 Va. App. 63, 69,

561 S.E.2d 761, 764 (2002) (citing Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407

S.E.2d 47, 48 (1991)).  That principle requires us to "discard the evidence of the accused in

conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the Commonwealth and all fair inferences to be drawn therefrom." Wright v. Commonwealth, 196 Va. 132, 137, 82 S.E.2d 603, 606 (1954).

On February 12, 2011, at approximately 9:30 p.m., Officer Nick Esposito ("Esposito") of the City of Alexandria Police Department was a backseat passenger in a marked police vehicle in the 500 block of South Columbus Street. Based on his training and experience, Esposito smelled what he recognized as PCP in the area. Esposito was attempting to identify the source of the odor when he observed two men conversing in an alley between South Columbus and South Alfred Streets.

Esposito asked the driver to circle the block to South Alfred Street. Near the entrance to the alley, Esposito and Officer Taylor exited the vehicle. Esposito testified that upon exiting the vehicle, he could smell PCP "pretty strong" in the area, intensifying as he approached the alley.

The two individuals emerged from the alley and walked toward Esposito. Esposito recognized both men – Rodell Hill and appellant – from previous encounters. While Officer Taylor spoke with Hill, Esposito attempted to stop appellant by saying, "stop, police." Appellant continued walking past Esposito and questioned why the officer wanted him to stop. Esposito again told appellant, "stop, police . . . you're being detained for a narcotics investigation." Appellant then stopped a few feet past Esposito. Esposito testified that he could smell PCP on appellant's breath as he walked past him. Esposito also noticed that appellant was mumbling and had "[v]ery slurred speech." Appellant's speech differed from the way he had spoken to Esposito on prior occasions.

Esposito handcuffed appellant and read him his Miranda rights. Esposito did not search appellant at this time, but he did question appellant about the odor of PCP in the area. Appellant said he "had no idea what [Esposito] was talking about." At this point, Esposito left appellant

with Officer Stanton and went to the point in the alley where he had first seen appellant and Hill. Officer Burkholder showed Esposito a PCP "dipper" – a tobacco cigarette dipped in liquid PCP (a common method for smoking PCP) – on top of a brick fence where appellant and Hill had been standing. Esposito collected the dipper, which was still damp and smelled "consistent with the odor" he associated with PCP.

After collecting the dipper, Esposito returned to appellant and asked him if the dipper was his. Appellant said it was not. Esposito then informed appellant that he smelled PCP on appellant's breath and person. Appellant again denied knowing what Esposito was talking about. Esposito then placed appellant under arrest for possession of PCP and public intoxication.

During the search incident to arrest, Esposito found another PCP dipper in appellant's left front jeans pocket. Appellant admitted that the dipper was his. Esposito testified that the dipper smelled "consistent with PCP" and had the same damp look as the other dipper found on the brick fence.

At the suppression hearing, Esposito testified that he had smelled PCP approximately ten times in the course of his work. Esposito testified that PCP smells "almost like an ether. Like a strong chemical smell." According to Esposito, the smell of PCP is the same whether in liquid or smoked form.

The trial court held that at the time Esposito placed appellant in handcuffs and read him his Miranda rights, appellant was under arrest. The trial court further held that the arrest was supported by probable cause based on the strong odor of ether, which Esposito knew from his training and experience is an odor associated with PCP, localized to appellant's breath; appellant's multiple attempts to walk away from Esposito; and the fact that, unlike on the prior occasions when Esposito encountered appellant, he was mumbling and slurring his words.

## II. ANALYSIS

"Whether an officer has probable cause to arrest an individual in the absence of a warrant is determined under an objective test based on a reasonable and trained police officer's view of the totality of the circumstances." Brown v. Commonwealth, 270 Va. 414, 419, 620 S.E.2d 760, 762 (2005). In cases involving the Fourth Amendment, "we give deference to the historical facts determined by the trial court, but we review de novo whether the legal standard of probable cause was correctly applied to the historical facts." Id. "To determine whether probable cause exists, we 'will focus upon what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control.'" Id. (quoting Taylor v. Commonwealth, 222 Va. 816, 820-21, 284 S.E.2d 833, 836 (1981) (internal quotation marks omitted)).

Appellant contends on appeal that the trial court erred in finding the odor of PCP "sufficiently distinctive" for purposes of the plain smell doctrine.[1] However, we find that while the trial court mentioned the plain smell doctrine in its analysis, it did not base the denial of appellant's motion to suppress exclusively on the odor of PCP in appellant's immediate vicinity. The trial court based its decision on the totality of the circumstances including the the strong odor of ether, which Esposito knew from his training and experience is an odor associated with

---

[1] In Bunch v. Commonwealth, 51 Va. App. 491, 658 S.E.2d 724 (2008), this Court embraced the plain smell doctrine. The Court held that "[u]nder the Fourth Amendment, 'probable cause may be supported by the detection of distinctive odors.'" Id. at 496, 658 S.E.2d at 726 (quoting United States v. Haynie, 637 F.2d 227, 234 (4th Cir. 1980)). For example, "'if an officer smells the odor of marijuana in circumstances where the officer can localize its source to a person, the officer has probable cause to believe that the person has committed or is committing the crime of possession of marijuana.'" Id. (quoting United States v. Humphries, 372 F.3d 653, 660 (4th Cir. 2004)). Likewise, "the detection of the odor of burning marijuana emanating from the open door of a residence, by a credible law enforcement officer who is familiar with its smell, provides that officer with probable cause to believe contraband is present inside the residence." Cherry v. Commonwealth, 44 Va. App. 347, 357-58, 605 S.E.2d 297, 302 (2004).

PCP, in the area and localized to appellant's breath, and the fact that, unlike on the prior occasions when Esposito encountered appellant, he was mumbling and slurring his words. See, e.g., Kleinholz v. United States, 339 F.3d 674, 677 (8th Cir. 2003) ("The smell of ether might alone support a finding of probable cause. But certainly such an odor coupled with other facts support a finding of probable cause."). Consequently, we hold that probable cause existed to arrest appellant. The trial court's denial of appellant's motion to suppress the drug evidence seized during the search incident to the arrest of appellant, therefore, was proper. [2]

Affirmed.

---

[2] Appellant also contends that the trial court erred in considering appellant's "walking away" as a factor in its probable cause analysis. As stated above, we conclude that irrespective of this factor, the trial court properly ruled that there was probable cause to arrest appellant.