COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Humphreys, Russell and AtLee
Argued at Fredericksburg, Virginia


LEVAR RAHEEM BURTON

v.      Record No. 1799-14-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE WESLEY G. RUSSELL, JR.
SEPTEMBER 22, 2015


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Lon E. Farris, Judge

David B. Hargett (Hargett Law PLC, on brief), for appellant.

Elizabeth C. Kiernan, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Levar Raheem Burton, appellant, appeals his convictions of possession of cocaine with the

intent to distribute in violation of Code § 18.2-248, and transporting into the Commonwealth more

than one ounce of cocaine in violation of Code § 18.2-248.01.  On appeal, Burton claims the trial

court erroneously denied a pretrial motion to suppress the illegal drugs found on his person.  Burton

argues that because the search of his vehicle was not justified by a showing of probable cause, the

subsequent search of his person also violated the Fourth Amendment's prohibition against

unreasonable searches.  We disagree and affirm.

BACKGROUND

In the early morning hours of August 15, 2011, Master Trooper Parker and Trooper Trainee

Lewis of the Virginia State Police were patrolling a rest area along the southbound side of Interstate

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

95 in Prince William County. Signs indicate that the area is patrolled by law enforcement, and officers visit the rest area twice each shift to check on the welfare of the patrons.

At the beginning of her shift, Trooper Parker entered the rest area. She parked her car, and along with Lewis, walked among the other parked vehicles. As Parker walked alongside appellant's Toyota Camry, she detected the odor of marijuana emanating from the rear quarter panel of the car. She walked to the front of the car to try to locate the origin of the scent. Once she returned to the trunk area, she again smelled marijuana. She noticed that appellant was alone and asleep in the vehicle.

After smelling the marijuana, Parker and Lewis removed appellant from the car. Parker asked for appellant's license and registration, and appellant handed her a Florida driver's license. Appellant also stated that the car was a rental and that he was traveling from New York back to Florida. Lewis explained to appellant that they were going to pat him down for weapons. While doing so, Lewis felt a large, hard object on the inside of appellant's waistband and removed the item. Lewis testified that "a hard object in the waistband is where most weapons would be kept" and that is why he recovered it. The item was two plastic bags taped together, each containing cocaine.

At trial, appellant contested the officers' version of events. Appellant not only denied that he possessed cocaine, but denied that the officers recovered cocaine from his person. Specifically, he testified that he had nothing in his waistband that the officers could have recovered, that he did not "know where [the cocaine] came from," and that he did not see the pouches of cocaine at the scene, but rather, first saw them when he was "before the Magistrate."

At trial, Parker testified that she spent two and a half years on the Counter Terrorism Criminal Interdiction team, whose sole purpose was to interdict criminal activity. For eight years, she was responsible for handling a drug dog. She testified that she has identified the odor of "a

controlled substance" hundreds of times in her twenty-six years as a Virginia State Police officer. Without objection, the trial court received Trooper Parker as an expert in the "identification and detection of marijuana."

After hearing evidence and argument on the motion to suppress, the trial court ruled that based upon the "compelling" facts presented and the holding in Bunch v. Commonwealth, 51 Va. App. 491, 658 S.E.2d 724 (2008), ample evidence existed to provide the officers with probable cause sufficient to allow the search.

This appeal followed.

ANALYSIS

In reviewing a trial court's denial of a motion to suppress, "'the burden is upon [the defendant] to show that the ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (*en banc*) (alteration in original) (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)). "'Ultimate questions of reasonable suspicion and probable cause to make a warrantless search' involve questions of both law and fact and are reviewed *de novo* on appeal." Id. at 197-98, 487 S.E.2d at 261 (quoting Ornelas v. United States, 517 U.S. 690, 691 (1996)). In conducting this review, the Court is "bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee, 25 Va. App. at 198, 487 S.E.2d at 261.

The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. However, the Fourth Amendment prohibits only unreasonable

searches and seizures.  See, e.g., Buhrman v. Commonwealth, 275 Va. 501, 505, 659 S.E.2d 325, 327 (2008).  A search supported by probable cause is *per se* reasonable.

In determining whether an officer had probable cause, "courts should focus upon 'what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control.'"  Id. (quoting Hollis v. Commonwealth, 216 Va. 874, 877, 223 S.E.2d 887, 889 (1976)).  Probable cause, "'as the very name implies, deals with probabilities.'"  Derr v. Commonwealth, 242 Va. 413, 421, 410 S.E.2d 662, 666 (1991) (quoting Saunders v. Commonwealth, 218 Va. 294, 300, 237 S.E.2d 150, 155 (1977)).  It exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found" in the place to be searched.  Ornelas, 517 U.S. at 696.  Although probable cause is a higher standard than reasonable suspicion, it "'requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.'"  Joyce v. Commonwealth, 56 Va. App. 646, 659, 696 S.E.2d 237, 243 (2010) (quoting Illinois v. Gates, 462 U.S. 213, 243 n.13 (1983)).  It "does not 'demand any showing that such a belief be . . . more likely true than false.'"  Slayton v. Commonwealth, 41 Va. App. 101, 106, 582 S.E.2d 448, 450 (2003) (quoting Texas v. Brown, 460 U.S. 730, 742 (1983) (plurality opinion)).  "Not even a '*prima facie* showing' of criminality is required" to establish probable cause.  Joyce, 56 Va. App. at 659, 696 S.E.2d at 243 (quoting Gates, 462 U.S. at 235).

Appellant challenges the search of his person indirectly.  He argues that the officers lacked probable cause to search his car or order him from the car, and therefore, the subsequent search of

his person was impermissible.[1]  See Wong Sun v. United States, 371 U.S. 471, 488 (1962) (excluding evidence obtained as the result of illegal police action).  Conversely, if the officers' search of the car and ordering appellant from the car were constitutionally permissible, appellant's assignment of error effectively concedes that the search of his person similarly would be permissible.[2]

Appellant bases his challenge to the search of his car by arguing that the smell of marijuana coming from his car, without "other 'suspicious' actions or circumstances," did not provide probable cause for the officers to search his vehicle.  We disagree.

In Cherry v. Commonwealth, 44 Va. App. 347, 605 S.E.2d 297 (2004), this Court held that "the detection of the odor of burning marijuana emanating from the open door of a residence, by a credible law enforcement officer who is familiar with its smell, provides that officer with probable cause to believe contraband is present inside the residence."  Id. at 357-58, 605 S.E.2d at 302. Citing Cherry, this Court in Bunch, 51 Va. App. at 496, 658 S.E.2d at 726, explicitly embraced the "plain smell doctrine," noting that "[u]nder the Fourth Amendment, probable cause may be supported by the detection of distinctive odors."  We explained, "'if an officer smells the odor of marijuana in circumstances where the officer can localize its source to a person, the officer has

---

[1] Consistent with the only suppression arguments he raised in the trial court, appellant's assignment of error states:

> The circuit court erred in failing to suppress the evidence found and seized following an invalid search and/or pat down of the Defendant when the police *lacked the requisite probable cause to search the Defendant's vehicle* and order the Defendant out of the vehicle to conduct the search.

(Emphasis added.)

[2] Because appellant does not challenge the search of his person directly, we do not address the propriety of the pat down as an independent matter.

probable cause to believe that the person has committed or is committing the crime of possession of marijuana.'" Id. (quoting United States v. Humphries, 372 F.3d 653, 660 (4th Cir. 2004)).

Here, the record establishes that Parker smelled what she believed to be marijuana coming from appellant's car. Under the "plain smell doctrine," the smell alone gave her probable cause to believe that appellant had committed or was committing the crime of possession of marijuana. Accordingly, she had sufficient probable cause to search the vehicle.

Appellant argues that probable cause was lacking because the officers' search "did not find any evidence of marijuana—not a seed, stem or a leaf from any marijuana plant . . . ." While true, this is immaterial to the probable cause inquiry. Whether probable cause justifying a search exists is determined by the information known when an officer commences his search and not by a retrospective analysis. The failure of an officer to find the contraband that prompted him to search no more negates the existence of probable cause than finding contraband during a search supplies it.

Having determined that the officers had probable cause that allowed them to search the car, we also find that the officers were permitted to order appellant from the car. "It is well established that a police officer making a routine traffic stop may order a passenger out of the car for safety reasons, even if the officer has no reason to suspect the passenger of criminal behavior." Atkins v. Commonwealth, 57 Va. App. 2, 16, 698 S.E.2d 249, 256 (2010) (citing Pennsylvania v. Mimms, 434 U.S. 106, 111(1977)). Here, the officers had probable cause to believe that appellant was in possession of contraband, and therefore, had more than a sufficient basis to order him out of the car to allow them to conduct the search of the car.

As noted above, appellant has challenged the search of his person only as being the result of an unlawful search of his car and an unlawful order that he exit his car. Because we find that both the search of the car and the direction to appellant that he exit the car were justified, we affirm the trial court's denial of the motion to suppress.

CONCLUSION

For the forgoing reasons, we conclude that the trial court did not err in denying appellant's

pretrial motion to suppress.  Accordingly, appellant's convictions are affirmed.

<u>Affirmed.</u>