COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Malveaux, Athey and Callins
Argued by videoconference


GARLAND ELLIS KING, JR.

MEMORANDUM OPINION* BY
v.        Record No. 0563-22-3        JUDGE DOMINIQUE A. CALLINS
APRIL 4, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
W. Chapman Goodwin, Judge

Jennifer T. Stanton, Senior Appellate Attorney (Indigent Defense
Commission, on briefs) for appellant.

John Beamer, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Garland Ellis King was indicted in the Circuit Court of Augusta County for one count of

possessing more than one ounce of marijuana, but less than five pounds, with intent to distribute.

*See* Code § 18.2-248. Before trial, King moved to suppress the evidence, arguing that the police

officer did not have probable cause to search his car because personal possession of marijuana

was only subject to a civil penalty at the time, and thus there was no evidence that a crime had

been committed. The trial court denied King's motion and King entered a conditional guilty

plea, allowing him to appeal that decision. We affirm.

BACKGROUND

The material facts are not in dispute. On August 30, 2020, Corporal Chandler, of the

Augusta County Sheriff's Office, saw a person who appeared to be asleep in his car at a gas

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

station. Corporal Chandler approached the car and found King alone and asleep in the driver's seat. After King's car door was opened, Corporal Chandler noticed the smell of burnt marijuana emanating from the car. Based on that smell, Corporal Chandler searched the car. In the backseat, he found a backpack that contained "a smoking device, marijuana residue, digital scales, and multiple large plastic baggies which contained marijuana." The Department of Forensic Science confirmed that the baggies contained approximately 12.2 ounces of marijuana. King was subsequently indicted for possession of marijuana with intent to sell, give, or distribute.

At the time of the search, personal possession of marijuana had been decriminalized and was punishable only by a civil fine less than $25. *See* Code § 18.2-250.1 (2020). Before trial, King moved to suppress all evidence obtained by Corporal Chandler's search. He argued that Corporal Chandler did not have probable cause to search the car because Corporal Chandler had no evidence that a crime had been committed. King also argued that Code § 4.1-1302 should apply retroactively and bar the fruits of the search because it was conducted based solely on the smell of marijuana.

The trial court denied King's motion to suppress, ruling that the smell of marijuana gave Corporal Chandler probable cause to search the car. The court reasoned that possession of marijuana was still illegal at the time of the search, and marijuana was therefore still considered contraband. Thus, based on the smell of burnt marijuana, Corporal Chandler had probable cause to believe that a crime had been committed.

King entered a conditional plea, pleading guilty to one count of possession of marijuana with intent to sell, give, or distribute. He reserved the right to appeal the adverse judgment on his motion to suppress, and he does so here.

ANALYSIS[1]

In reviewing a motion to suppress, "we review *de novo* the trial court's application of defined legal standards such as probable cause and reasonable suspicion to the particular facts of the case." *Cherry v. Commonwealth*, 44 Va. App. 347, 356 (2004).

At the outset, we recognize that Code § 4.1-1302 does not apply retroactively. *See Street v. Commonwealth*, 75 Va. App. 298, 311 (2022). The interpanel accord doctrine binds us to that holding in *Street*, so we will not consider King's argument that we should apply Code § 4.1-1302 retroactively. *See White v. Commonwealth*, 67 Va. App. 599, 612 n.7 (2017) (explaining the interpanel accord doctrine). Similarly, we do not consider King's request that we overturn *Bunch v. Commonwealth*, 51 Va. App. 491 (2008), because as far as it is applicable, we are also bound by that decision under the interpanel accord doctrine.[2] *See White*, 67 Va. App. at 612 n.7. Thus, we only address King's argument that Corporal Chandler did not have probable cause to search King's car.

"The Fourth Amendment protects individuals against unreasonable searches and seizures." *Jones v. Commonwealth*, 71 Va. App. 375, 380 (2019). Warrantless vehicle searches

---

[1] After the parties argued this case, we decided *Commonwealth v. Spencer*, No. 1443-22-1 (Va. Ct. App. Feb. 14, 2023). In that case, a police officer approached a parked car and asked the person in the driver's seat if the cigarette in her hand was "a little bit of weed." The appellee responded affirmatively but stated that "All I have is a blunt." The officer described the appellee as "cooperative" and "acting normal." Under those facts, we concluded that the officer did not have probable cause to search the car because the circumstances did not suggest that the car contained additional contraband. Conversely, here, the officer could not identify the source of the smell, except that it came from inside the car. The circumstances suggested that the car contained contraband because, unlike in *Spencer*, King did not explain the smell of marijuana and the officer could not plainly see any burning marijuana. Thus, we do not rely on *Spencer* in our analysis. *See Coffman v. Commonwealth*, 67 Va. App. 163, 172 n.7 (2017) (explaining that unpublished cases are only persuasive authority).

[2] We agree with King that Code § 4.1-1302 abrogated the "plain smell" doctrine articulated in *Bunch* for searches occurring after Code § 4.1-1302 became effective. However, Code § 4.1-1302 is not applicable to this case.

are reasonable if a police officer has probable cause to search the car. *Collins v. Virginia*, 138 S. Ct. 1663, 1670 (2018). Probable cause exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Curley v. Commonwealth*, 295 Va. 616, 622 (2018). In other words, a vehicle search "is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not been actually obtained." *Maryland v. Dyson*, 527 U.S. 465, 467 (1999) (emphasis omitted) (quoting *United States v. Ross*, 456 U.S. 798, 809 (1982)). Search warrants may be issued for contraband, "[g]oods that are unlawful to . . . possess." *See Contraband*, *Black's Law Dictionary* (11th ed. 2019); Code § 19.2-53 (authorizing issuance of search warrants for "[a]rticles or things the sale or possession of which is unlawful").

At the time of the search, it was "unlawful for any person knowingly or intentionally to possess marijuana." Code § 18.2-250.1 (2020). Despite that statutory language, King argues that marijuana was "legitimate" and not contraband at the time of the search because possession of marijuana had been decriminalized. *See id.* ("Any person who violates this section is subject to a civil penalty of no more than $25. A violation of this section is a civil offense."). King makes this argument because items that may be used for a legitimate purpose, even if they may also be used for an improper purpose, cannot give rise to probable cause. *See Brown v. Commonwealth*, 270 Va. 414, 420-21 (2005) (finding that a hand-rolled cigarette does not give rise to probable cause).

We disagree with King's premise that marijuana was not contraband. Despite reducing the punishment for possession of marijuana, the legislature declined to make possession of marijuana lawful and legitimate until July 1, 2021, when the legislature's repeal of Code § 18.2-250.1 became effective. 2021 Va. Acts Spec. Sess. I chs. 550, 551. At the time Corporal Chandler searched King's car, marijuana was not a legitimate, lawful substance.

We have previously held that the smell of marijuana, localized to a particular person, gives a police officer reason to believe that person possesses marijuana. *Bunch*, 51 Va. App. at 496. Here, Corporal Chandler could localize the smell of marijuana to King, so it was reasonable for him to believe that King possessed marijuana and that searching King's car would yield marijuana. Because it was unlawful for an individual to possess marijuana at the time of the search, Corporal Chandler could have validly requested a search warrant. *See* Code § 18.2-250.1 (2020); Code § 19.2-53. Thus, his warrantless automobile search was "based on facts that would justify the issuance of a warrant" and it was reasonable. *See Dyson*, 527 U.S. at 467.

In other words, Corporal Chandler's search was supported by probable cause. The smell of marijuana emanating from the car gave Corporal Chandler reason to believe that he had a fair probability of finding contraband when he searched the car. *See Curley*, 295 Va. at 622; *see also Contraband*, *Black's Law Dictionary*, *supra*; Code § 18.2-250.1 (2020). Corporal Chandler's search did not violate the Fourth Amendment.[3]

## CONCLUSION

For the foregoing reasons, we hold that the trial court did not err by denying King's motion to suppress. The judgment of the trial court is affirmed.

*Affirmed*.

---

[3] Because we find that Corporal Chandler's search did not violate the Fourth Amendment, we do not need to consider whether the good faith exception applied.